IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
KARRIE OXFORD,              )
                            )
              Plaintiff,    )
                            )
v.                          )   Case No.: 18-1163-JWB-KGG
                            )
JACOB RIDDLE, et al.,       )
                            )
              Defendants.   )
_____)
```

## MEMORANDUM & ORDER ON MOTIONS

Now before the Court is Defendants' Motion for Medical Examination Pursuant to Rule 35 and for Extension of Time. (Doc. 21.) Having reviewed the submissions of the parties, Defendants' motion (Doc. 21) is **GRANTED**.

## FACTUAL BACKGROUND

In the present diversity of citizenship action, Plaintiff alleges she was injured in a motor vehicle accident, which she contends was caused by the negligence of Defendant Jacob Riddle ("Defendant Riddle") while he was acting the course of his employment with Defendant Board of County Commissioners of Sedgwick County, Kansas ("Defendant County"). Defendants admit liability, but dispute the nature and extent of Plaintiff's damages. Plaintiff seeks damages for her alleged personal injuries including medical expenses, past and future economic loss, and

1

pain, suffering, and mental anguish. (Doc. 1.) Plaintiff seeks over $500,000 for future medical expenses. (Doc. 22-1.)

Plaintiff's deposition occurred on December 14, 2018, following a postponement she requested. (Doc. 22, at 1.) Defendants requested to have an independent medical examination, pursuant to Fed.R.Civ.P. 35, performed on Plaintiff after her deposition. (*Id*.) Defendants also requested corresponding extensions of the IME deadline as well as Defendants' expert deadline. The deadline in the Scheduling Order for Rule 35 medical examinations was December 31, 2018 (four days before Defendants filed the present motion) with Defendants' expert designation deadline set for February 1, 2019. (Doc. 13, at 4, 5.) Plaintiff's counsel apparently did not object to the time extensions "as long as the trial date is unaffected … ." (Doc. 22, at 2; Doc. 23, at 2.)

Defense counsel provided the dates of February 12, 14, 19, and 20, 2019, for an IME with Dr. Michael Johnson to occur at his office in Salina, Kansas. (Doc. 22, at 2.) Plaintiff, who filed the present case in the District of Kansas and lives in Carthage, Missouri, objects that Defendants have not shown "good cause" for the examination, which Plaintiff describes as unnecessarily burdensome and duplicative. (Doc. 23, at 1.) The Court notes, however, that the Scheduling Order entered in this case specifically states that "[t]he parties agree that physical or mental examinations pursuant to Fed.R.Civ.P. 35 are appropriate in this case."

(Doc. 13, at 5.) Plaintiff also objects that is unduly burdensome for her to be required to travel to Dr. Johnson's Salina office because she lives approximately 190 miles from Wichita and approximately 280 miles from Salina. (Doc. 23, at 1.)

# ANALYSIS

## I. Standards for Rule 35 Medical Examinations.

Physical and mental examinations are governed by Fed.R.Civ.P. 35, which provides in relevant part:

> (a) Order for an Examination.
>
> > (1) In General. The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.
> > …
> > (2) Motion and Notice; Contents of the Order. The order:
> >
> > > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> > >
> > > (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

"Parties have no inherent right to examine the mental or physical health of an adversary." *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 622 (D. Kan. 1999) (citing *Chaparro v. IBP, Inc.*, No. 93-2200-GTV, 1994 WL

714369, at *2 (D. Kan. Dec. 7, 1994)). As provided by Rule 35, such examinations are compelled only upon a showing of good cause. *Id.* (citing Fed.R.Civ.P. 35(a)).

That stated, "[t]he granting or denying of a motion for a physical examination rests in the sound discretion of the trial court." ***Jones v. Greyhound Lines, Inc.***, 2009 WL 1650264, at *3 (D. Kan. June 12, 2009) (citations omitted). "The rule authorizing physical examination of a party shall be liberally construed in favor of granting discovery." (*Id.* (citing ***Eckman v. University of Rhode Island***, 160 F.R.D. 431 (D. R.I. 1995)).)

Further, a plaintiff asserting physical injuries "places that … physical injury clearly in controversy and provides the defendant with good cause for [a Rule 35] examination to determine the existence and extent of such asserted injury." (*Id.* (citing ***Schlagenhauf v. Holder***, 379 U.S. 104, 19, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964)).) Even so, Plaintiff notes that Fed.R.Civ.P. 26(b)(2)(C)(i) requires a court to limit the frequency or extent of discovery if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. (Doc. 23, at 3-4.)

**II.    Issues Relating to the Requested Examination.**

Defendants contend that Dr. Johnson is a qualified, licensed, and Board Certified medical doctor and orthopedic surgeon in the state of Kansas. (Doc. 22, at 3-4.) Defendants argue that because Plaintiff filed her lawsuit in the District of Kansas and designated Wichita as the place of trial, the travel distance to Dr. Johnson's office should not disqualify him as a Rule 35 examiner. (*Id.*, at 4.) Defendants concede that, under certain circumstances, a court, in its discretion, may require the moving party to advance travel expenses for the party to be examined. (*Id.*, citing ***Eckmyre v. Lambert***, No. 87-2222-0, 1988 WL 573858, *1-2 (D. Kan. 1988).[1])

Plaintiff responds that the examination would be "unnecessarily duplicative and burdensome" and that Defendants failed to show they are unable to obtain the information by other means, thus "failing to meet [their] burden of showing that good cause exists for the proposed Rule 35 examinations … ." (Doc. 23, at 1.) Plaintiff also argues that if the Court allows the examination to proceed, "circumstances exist here which allow for an observer to be present at the examinations or for the examinations to be recorded." (*Id.*)

### A. The Examination Is Not Unnecessarily Duplicative and Burdensome.

---

[1] The ***Eckmyre*** court held that such an advance could "be deducted from plaintiff's recovery, if any" and that if the plaintiff failed to recover damages or if the damages recovered were "less than the travel expenses advanced, plaintiff will reimburse defendant for the advance, or that part of the advance in excess of the damages recovered." 1988 WL 573858, at *2.

Plaintiff contends that Defendants have not proposed "any new testing or any testing that [she] has not already undergone." (Doc. 23, at 4.) She argues that she has "already been treated and examined by several doctors[,] all of which are available to be deposed," thus making this additional examination unnecessary. (*Id*.) Plaintiff continues that Defendants' motion "should be denied as it has failed to identify the specific information it needs, explain why that information is necessary and relevant, or demonstrate why it can only obtain the requested information through an examination." (*Id*.) Plaintiff also notes that, as of the filing of her responsive brief, Defendants had not even attempted to depose any of her health care providers. As such, Plaintiff contends she should not be subjected "to unnecessary burdensome travel and inconvenience." (*Id*.)

Defendants respond that Plaintiff has misinterpreted the law on this issue. Citing ***Schlagenhauf***, Defendants contend that "the pleadings alone" establish "good cause" for a Rule 35 examination when a plaintiff "in a negligence action who … mental or physical injury … ." (Doc. 25, at 2 (quoting ***Schlagenhauf***, 379 U.S., at 119).) Doing so "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. The Court agrees. Plaintiff has clearly placed her physical condition at issue in this case, thus providing Defendants with the requisite good cause to request a Rule 35 medical

examination "to obtain a second medical opinion on the issues of causation, prognosis and – most significantly – future medical treatment." (*Id.*, at 3.) A second opinion cannot be obtained by merely reviewing Plaintiff's medical records or deposing Plaintiff's health care providers or expert(s).

Defendants are also correct that they are not required, as suggested by Plaintiff, to perform or propose "new testing." Defendants state that they have

> no reason to believe Dr. Johnson will perform anything other than a standard orthopedic examination. This certainly could be different than [the] examinations [of Plaintiff's expert, who] is an anesthesiologist. This issue is irrelevant in any event. Two physicians can rely on the exact same tests and reach different conclusions.

(Doc. 25, at 4.) The Court agrees and **GRANTS** Defendants' Motion for Medical Examination Pursuant to Rule 35. (Doc. 21.)

**B.     Location of Examination.**

Plaintiff argues that it is unduly burdensome for her to be required to travel approximately 280 miles to Salina, Kansas, for the IME "which will likely be identical to one [she] has already undergone." (Doc. 23, at 5.) Plaintiff thus requests that the IME occur either in Wichita or her hometown of Carthage, Missouri. (*Id.*) The Court will not order the IME to occur in Missouri. As noted by Defendants, Plaintiff "has availed herself of the United States District Court [for the District of Kansas] and it is not unreasonable to require her to travel to Kansas for an IME." (Doc. 25, at 5.) Further, Defendants are correct that "Plaintiff cites

no legal authority to support the contention that requiring her to drive the additional 90 miles from Wichita (where the case is on file) to Salina justifies denying defendants' Motion." (*Id.*)

A similar situation was presented in this District in the case of ***Jones v. Greyhound Lines, Inc.***, wherein a plaintiff from California objected to traveling to Shawnee Mission, Kansas, for an IME. No. 08-1185-MLB-DWB, 2009 WL 1650264 (D. Kan. June 12, 2009). In that case, the Hon. Magistrate Judge Donald Bostwick held that

> Plaintiff made the choice to file the present lawsuit in Kansas and requested that the case be tried in the United States District Court for the District of Kansas in Wichita, Kansas. Absent explicit, written travel restrictions placed by a licensed physician who continues to treat Plaintiff, the Court will not entertain any request to have Plaintiffs IME occur anywhere other than Kansas.

*Id.*, at *5. Judge Bostwick continued that "[a]bsent a clear showing that Plaintiff is indigent, Plaintiff will be required to pay for his own transportation to the examination." *Id.* (citing ***Baird v. Quality Foods, Inc***., 47 F.R.D. 212 (E.D.La.1969) and ***Landry v. Green Bay & Western R. Co.***, 121 F.R.D. 400, 401 (E.D.Wis.1988)). The Court sees no reason to break with this precedent herein. The Court **GRANTS** Defendants' request to have the IME occur at Dr. Johnson's office in Salina, Kansas, at Plaintiff's expense.

    C.    **Recording or Observer Present at Examination.**

Plaintiff requests that that the Court "allow either an observer to be present at the examination or for the examination to be video recorded." (Doc. 23, at 10.) Plaintiff argues that the reasons for recording or having an observer present for the examination are "readily apparent":

> The independent medical examination is adversarial in nature. The defendant consults with a doctor of choice. The defendant unilaterally hires the doctor. The doctor meets with the plaintiff for a few minutes, conducting a cursory examination. The doctor subsequently opines that the treating physician made mistakes in the treatment or that the treatment was unnecessary. And the doctor testifies in deposition or at trial against the plaintiff.

(*Id.*, at 8 (citations omitted).) Plaintiff continues that "doctors retained by Defendant's [sic] to conduct these examinations are biased" as "[t]heir interest is not in healing Plaintiff or offering treatment for his injuries," but rather "in serving the Defendant's [sic]." (*Id.*, at 9.)

This issue was also presented in the ***Jones v. Greyhound*** decision, discussed *supra*. Therein, Judge Bostwick denied the plaintiff's request to have the examination videotaped because the plaintiff "failed to provide the Court with any special circumstances or concerns that would provide adequate justification for videotaping" or having "an independent third party … permitted" to accompany him "for purposes of observation." ***Jones***, 2009 WL 1650264, at *7 (quoting ***Favale v. Roman Catholic Diocese of Bridgeport***, 235 F.R.D. 553, 557 (D. Conn. 2006)).

9

Similarly herein, Plaintiff has provided no "special circumstances." The Court acknowledges Plaintiff's concerns about the inherently adversarial nature of these examinations. That stated, this situation occurs in every case in which a Rule 35 examination is allowed. Thus, there is nothing "special" about the circumstances in which Plaintiff finds herself. This District has recognized that "the presence of a third party 'can only threaten to turn the examination into a more adversarial process than it should be.'" *Greenhorn v. Marriott Int'l*, 216 F.R.D. 649, 654 (D. Kan. 2003) (quoting *Stoner v. New York City Ballet Co.*, No. 99 Civ. 0196, 2002 WL 31875404, at *5 (S.D.N.Y. Dec. 24, 2002)). As such, like in *Jones*, Plaintiff's requests are **denied**. Defendants' motion is **GRANTED**.

### D. Extension of Time.

The deadline for Rule 35 medical examinations expired on December 31, 2018. (Doc. 13, at 5.) The deadline for these examinations is hereby extended until February 28, 2018. Defendants' expert witness designations are currently due on February 1, 2019. (Doc. 13, at 4.) This deadline is extended to March 9, 2019. The deadline for rebuttal experts is similarly extended to April 12, 2019.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Medical Examination Pursuant to Rule 35 and for Extension of Time (Doc. 21) is **GRANTED**.

IT IS SO ORDERED.

Dated this 24th day of January, 2019 at Wichita, Kansas.

                                S/ KENNETH G. GALE
                                HON. KENNETH G. GALE
                                U.S. MAGISTRATE JUDGE